United States District Court
Southern District of Texas
**ENTERED**
May 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARIA ISABEL ALVAREZ DE CHIRINOS, | § § | CIVIL ACTION NUMBER 4:26-cv-02361 |
| Petitioner, | § § § | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| WARDEN, *et al*, Respondents. | § § § | |

**ORDER ON DISMISSAL**

Pending is a petition for writ of *habeas corpus* by Petitioner Maria Isabel Alvarez de Chirinos. Dkt 1. She acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her present detention violates (i) an order of supervised release and work authorization under 8 USC §1231, (ii) temporary protected status for Venezuelan nationals, (iii) an administrative stay of removal from the Board of Immigration Appeals, (iv) regulations as to revocation of supervised release, and (v) the decision of the Supreme Court in *Zadvydas v Davis*, 533 US 678, 701 (2001). Id at 1–2, 10–17.

Prior order noted that it was unclear whether, and the extent to which, the petition raised issues resolved by the decision of the Fifth Circuit in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. The Government was thus ordered to show cause with a filing to establish the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 6. It maintains that Petitioner is subject to mandatory detention under 8 USC §1225(b)(2),

notwithstanding purported temporary protected status, as such status has been terminated for Venezuelan nationals. Id at 5, citing Termination of the October 3, 2023 Designation of Venezuela for Temporary Protected Status, 90 Fed Reg 9040, 9041 (2025). It also argues that an order declaring that termination unlawful by the Northern District of California isn't entitled to preclusive effect here, because (among other reasons) it runs afoul of a stay by the United States Supreme Court. Dkt 6 at 6, 8–9, citing *National TPS Alliance v Noem*, 2025 WL 3539156 (ND Cal), and *Noem v National TPS Alliance*, 146 S Ct 23, 24 (2025). The Government also states that Petitioner has never been subject to an order of supervised release and isn't subject to a final order of removal for purposes of detention under 8 USC §1231(a). Dkt 6 at 2. It instead establishes that Petitioner was paroled into the country, and that such parole terminated upon issuance of her notice to appear. Ibid; see also Dkt 6-1.

Petitioner concedes on reply that she entered into the United States pursuant to a grant of parole, and that this parole expired on November 2, 2021. Dkt 7 at 1. She also states that, while her removal has been ordered, appeal remains pending. Id at 2. Even so, she contends that her potentially prolonged detention without an individualized bond hearing violates due process. Id at 3–4.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

> o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of

8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

o *Ruz Fuente v Noem*, 2026 WL 1270531 (SD Tex): Holding that prior temporary protected status did not constitute "admission" under the INA, and that order in *National TPS Alliance v Noem*, 2025 WL 3539156 (ND Cal), purporting to declare termination of that status for Venezuelan nationals unlawful violated stay by the Supreme Court and otherwise had no preclusive effect.

o *Herrera Naranjo v Uhls*, 2025 WL 3771447 (SD Tex): Rejecting contention that prior work authorizations confer lawful status.

o *Moreno Sanchez v Smith*, 2025 WL 3687914 (SD Tex): Holding that claims relying on prior status as a parolee fail because the decision to revoke parole is jurisdictionally barred and, regardless, returns a petitioner to status as an arriving alien subject to mandatory detention under 8 USC §1225(b)(1).

The arguments presented by Petitioner in the petition and reply brief raise issues resolved to the contrary in the decisions cited above.

As to arguments regarding revocation of her prior order on supervision, Petitioner hasn't produced such order. In any event, such arguments depend on Petitioner being subject to a final order of removal pursuant to 8 USC §1231(a). See Dkt 1 at 10–14. But Petitioner's removal order is not yet final, as she states that her appeal of that order remains pending. See Dkt 7 at 2; see also 8 CFR §1241.1(a) (stating that order of removal becomes final upon dismissal of appeal by BIA). Given the expiration of

her parole and revocation of temporary protected status, §1225(b) continues to govern Petitioner's detention until her removal order becomes final. Such determination also forecloses her claim as to applicability of the *Zadvydas* framework regarding post-final-removal-order detention.

As to the purported administrative stay of removal, Petitioner hasn't produced an order from the BIA issuing such a stay. And in any event, a stay as to *removal* has no clear bearing on the legality of present *detention* under §1225(b).

Petitioner hasn't established that her current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 6.

The petition for writ of *habeas corpus* by Petitioner Maria Isabel Alvarez de Chirinos is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on ___May 26, 2026___ , at Houston, Texas.

Honorable Charles Eskridge
United States District Judge

4